No. 9335.

HOFFMAN ET AL. *v.* ROTHENBERGER.

PRACTICE.— *Additional Pleadings.— Discretion of Trial Court.— Pleading.—* The right of a party to file additional pleadings after the issues have been closed is not absolute, but is controlled by the discretion of the trial court.

SAME.—*Supreme Court.—Proper Cause Must be Shown by Record.—*A party complaining in the Supreme Court that his motion for leave to file additional answers was denied, must present a record showing that proper cause for his motion was brought before the trial court.

From the Clinton Circuit Court.

*R. P. Davidson, J. Claybaugh* and *B. K. Higinbotham,* for appellants.

*A. E. Paige* and *S. O. Bayless,* for appellee.

ELLIOTT, J.—After the issues in the case had been closed, the appellants, who were the defendants below, moved the court for leave to file additional answers; their motion was denied, and of this ruling they here complain.

A party has not a right as of course to file additional pleadings after the issues are closed. In the matter of permitting or refusing amendments after the issues are fully made up, the trial courts have broad discretionary powers, and their action will be reviewed only in cases where it is made to clearly appear that injustice has been done. It is incumbent upon a party who asks leave to file additional pleadings, to show some cause for his motion; otherwise the court may rightfully deny it. When an appellant asks this court to review the rulings of an inferior court refusing leave to file additional pleadings after issues joined, he must present a record showing that proper cause for his motion was brought before the trial court.

The record before us does not show that any cause was submitted to the consideration of the court below in support of the application to file additional answers. It is true that the clerk states, by way of recital, that an affidavit was filed, and it is also true that a paper purporting to be an affidavit is copied in the transcript. We can not regard this paper as any part of the record. Such papers as affidavits in support of motions for leave to amend, for continuance, to set aside defaults, and like matters, can only be brought into the record by a bill of exceptions or order of the court.

In this case there is no bill of exceptions, and no order of the court, and the paper professing to be an affidavit in support of the application for leave to amend is not in the record.

Judgment affirmed.